Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7395 | DATE | May 14, 2002 |
| CASE TITLE | Kingsford Fastener, Inc.  v  Hitachi Koki, USA, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]
    Memorandum opinion and order entered. Accordingly, defendant's motion for summary judgment is granted in part, as to Counts V, VII and IX, and denied in all other respects.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | MAY 15 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KINGSFORD FASTENER, INC., )
 )
Plaintiff, )
 )  No.   00 C 7395
v. )
 )  Judge Robert W. Gettleman
HITACHI KOKI, U.S.A., LTD., )
 )
Defendant. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Kingsford Fastener, Inc. has brought a nine count complaint against defendant Hitachi Koki, U.S.A., Ltd. alleging: 1) breach of implied warranty of merchantability; 2) breach of implied warranty of fitness for a particular purpose; 3) breach of express warranty of fitness for a particular purpose; 4) fraud; 5) negligent misrepresentations; 6) intentional misrepresentations; 7) violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("CFA"); 8) breach of contract; and 9) breach of duty of good faith and fair dealing. Defendant has moved for summary judgment on all counts. For the reasons set forth below, the motion is granted in part and denied in part.

DOCKETED
MAY 15 2002

### Background

All of plaintiff's claims arise out of its allegations that defendant induced plaintiff to become a distributor of defendant's products by offering plaintiff special prices on defendant's new "Hitachi brand" nails to be used with "Hitachi brand" nail guns. The Hitachi nail did not work with Hitachi nail guns (although all of Hitachi's competitor's nails did work), and plaintiff alleges that defendant knew its nails would not work with its nail gun when it induced plaintiff to enter into the distributorship agreement. Plaintiff, which has been selling competitor's nails for

use in defendant's nail guns, alleges that as a result of the excessive failure of defendant's nails in defendant's own nail gun, it lost a potential customer and revenue in excess of $400,000.

## Discussion

Defendant first argues that all of plaintiff's warranty claims, both express and implied, as well as its contract claims (Counts I, II, III, and VIII), are barred as a matter of law by defendant's Limited Warranty. Defendant's Limited Warranty, which is not provided in any of the purchase orders or invoices, but rather is set out in defendant's catalog, provides in pertinent part:

> WARRANTY TO ORIGINAL PURCHASER
> Hitachi Koki, U.S.A., Ltd. ("Hitachi") gives the limited warranty to only the original end-user purchaser of a Hitachi brand power tool or pneumatic tool ("Hitachi Product").
>
> * * *
>
> WARRANTY DISCLAIMERS
> NO WARRANTY, ORAL OR WRITTEN, OTHER THAN THIS LIMITED WARRANTY IS MADE WITH REGARD TO THE HITACHI PRODUCT. ANY IMPLIED WARRANTIES OF HITACHI OR ITS AFFILIATES REGARDING THE HITACHI PRODUCT, INCLUDING BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN DURATION TO THE ABOVE ONE (1) YEAR WARRANTY PERIOD (OR NINETY (90) DAYS FOR BATTERIES, O-RINGS AND DRIVER BLADES), HITACHI SHALL NOT BE LIABLE FOR LOSS OF USE OF ANY HITACHI PRODUCT OR OTHER INCIDENTAL OR CONSEQUENTIAL COSTS, EXPENSES, OR A DAMAGES INCURRED BY THE PURCHASER OR ANY OTHER PERSON, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.
>
> * * *
>
> ADDITIONAL WARRANTY DISCLAIMERS FOR ALL PURCHASERS EXCEPT CONSUMERS
> WHEN ANY HITACHI PRODUCT SHALL BE PURCHASED BY ANY PERSON SUCH THAT THE HITACHI PRODUCT IS NOT A "CONSUMER GOOD" (AS DEFINED IN THE UNIFORM COMMERCIAL CODE ADOPTED IN THE STATE OF PURCHASE OR IN OTHER APPLICABLE LAW), HITACHI EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION

THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL HITACHI OR ITS AFFILIATES BE LIABLE TO SUCH A PURCHASER OR ANY OTHER PERSON FOR SPECIAL COLLATERAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES (INCLUDING WITHOUT LIMITATION LOSS OF USE OR BUSINESS INTERRUPTION) IN CONNECTION WITH OR ARISING OUT OF THE PURCHASE OR USE OF THE HITACHI PRODUCT, WHETHER ARISING IN CONTRACT OR IN TORT, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THE SOLE AND EXCLUSIVE LIABILITY OF HITACHI AND ITS AFFILIATES, AND THE SOLE AND EXCLUSIVE REMEDY OF SUCH PURCHASER AND ANY OTHER PERSON, SHALL BE THIS LIMITED WARRANTY. IN NO EVENT SHALL THE LIABILITY OF HITACHI AND ITS AFFILIATES, REGARDLESS OF THE FORM OF ACTION, EXCEED THE PURCHASE PRICE OF THE HITACHI PRODUCT.

Based on the disclaimers in the Limited Warranty, defendant argues that it has disclaimed any express or implied warranty of merchantability or fitness for a particular purpose. In its unnecessarily verbose and interminably long brief, plaintiff has raised a number of responses to this argument, only one of which need be discussed. By its own terms, the warranty applies to "Hitachi Products," which the warranty has defined as an "Hitachi brand power tool or pneumatic tool." The complaint alleges that defendant expressly warranted that the Hitachi nails were fit for use in the Hitachi nail guns. It is undisputed, however, that Hitachi brand nails did not work in Hitachi nail guns, while the guns worked with competitor brand nails. Because nails are not a "power tool or pneumatic tool" and thus not a "Hitachi product" as defined by the Limited Warranty, the warranty disclaimers do not apply to plaintiff's warranty claims concerning the nails.[1]

---

[1] The complaint alleges that defendant's nails and nail guns were "incompatible," thus implying that either the fastener or the tool – or both – were not of merchantable quality. The evidence proffered by plaintiff demonstrates, however, that the guns performed properly, and that it was defendant's nails that caused the guns to jam. Accordingly, the court construes plaintiff's claim to rest solely on the alleged defect in the nails.

3

Despite the fact that the express wording of the Limited Warranty does not include nails, defendant argues that the course of dealing between the parties demonstrates that they considered nails to be covered by the warranty. This argument fails to hit nail on the head. First, the fact that plaintiff had, in the past, taken advantage of defendant's Limited Warranty by returning defective "Hitachi Products" that plaintiff does not contest were covered by the warranty, does not in any way establish that plaintiff somehow agreed that nails were also covered by the warranty. Additionally, the fact that defendant replaced nails after it learned that its own nails failed to perform with its own nail gun, does not establish that the parties were acting pursuant to the Limited Warranty. Defendant's actions are equally consistent with plaintiff's claim of an express warranty. Accordingly, the court concludes that the disclaimers in the Limited Warranty do not as a matter of law bar plaintiff's warranty and contract claims.[2] Defendant's motion for summary judgment on Counts I, II, III, and VIII is denied.

Next, defendant argues that plaintiff's tort claims for fraud and negligent and intentional misrepresentation (Counts IV, V, and VI) are barred by Illinois' version of the "Economic Loss Rule." See e.g., Moorman Mfg. Co. v. National Tank Co., 91 Ill.2d 69, 85, (1982). The Economic Loss Rule, or Moorman Doctrine, provides that a plaintiff that has sustained no personal injury or property damage has a claim for contract damages but cannot bring an action

---

[2]To support its argument that the Limited Warranty covers nails, defendant cites to the deposition testimony of one of its employees, Joseph Leffler. When asked if the Limited Warranty covered nails, Mr. Leffler originally testified, however, that "no, this warranty does not cover fasteners." When asked if defendant had a warranty for fasteners, he stated that he was not sure but it had always been the policy to take the fasteners back. Mr. Leffler, pursuant to Fed. R. Civ. P. 30(e), then changed his answers on an errata sheet to read just the opposite. In the Seventh Circuit, however, "a change in substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping 'not.'" Thorn v. Sunstrand Aerospace Corp., 207 F.3d 383, 389 (7th Cir. 2000).

in tort. Id.; Board of Education of the City of Chicago v. A, C & S, Inc., 131 Ill.2d 428, 440 (1989). "[W]here only the defective product is damaged, economic losses caused by qualitative defects falling under the ambient of a purchaser's disappointed expectations cannot be recovered in [tort]." Moorman, 91 Ill.2d at 85. Economic damages include damages for inadequate value of an allegedly defective product, cost to repair or replace the product, lost profits, and diminution in value of a product because it is inferior in quality or fails to work for the general purposes for which it was manufactured and sold. Id. at 82.

There are exceptions to the general rule, however, tort claims for economic damage are allowed where: 1) the plaintiff sustains personal injury or property damage resulting from a tortious event, i.e., a sudden or dangerous occurrence; 2) the plaintiff's damages are proximately caused by a defendant's intentional, false representation, i.e., fraud; or 3) plaintiff's damages are caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions. Id. at 89.

In the instant case, Counts IV and VI allege fraud and intentional misrepresentation. Specifically, the counts allege that defendant represented that its nails were compatible with its nail guns, knowing that to be false. These allegations fall squarely within the exception to the Economic Loss Rule for fraud. Accordingly, defendant's motion for summary judgment on Counts IV and VI is denied.[3]

---

[3]In its reply brief, defendant argues that the fraud exception applies only if the alleged fraud is "extraneous to the contract," relying on decisions based on Michigan and Florida law. It cites no Illinois authority for this proposition, probably because it found none. The court's research revealed no such limitation on the fraud exception in Illinois. See Zimmerman v. North Field R.E., Inc., 156 Ill.App.3d 154, 164 (1st Dist. 1987) (Fraud exception applied to misrepresentation claim brought by real estate purchaser for intentional misrepresentation.)

Count V, however, alleging negligent misrepresentation, cannot survive. As plaintiff admits, defendant is not in the business of providing information for the guidance of others in their business transactions. Thus, the negligent misrepresentation exception to the Economic Loss Rule does not apply. Defendant's motion for summary judgment as to Count V is granted.

In Count VII, plaintiff alleges that defendant's actions violate the CFA. Defendant has moved for summary judgment arguing that because plaintiff is not a consumer of defendant's products, plaintiff must, but cannot, allege a "consumer nexus." A consumer nexus is established when "the conduct involves trade practices directed to the market generally or otherwise relates to consumer protection issues." Athey Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 436 (7th Cir. 1996).

Plaintiff does not dispute that it is not a consumer of defendant's products, but argues that it can and has alleged a sufficient consumer nexus to sustain a claim under the CFA. It fails to articulate that nexus, however, except to state that defendant's conduct not only affected plaintiff, but plaintiff's customers "and any other unfortunate purchasers of the defective fastening system from Hitachi's full-line distributors, not to mention the scores of home buyers who may have been affected by the cost and delay in remedying the problems with the faulty fastening system."

This amounts to the oft-given and just as often rejected argument that because consumers are ultimately affected, the claim has a consumer nexus. A consumer nexus is not established, however, simply because consumers are the ultimate users of the products at issue. Stepan Co. v. Winter Panel Corp., 948 F. Supp. 802, 806-07 (N.D. Ill. 1996). In the instant case, the express warranty that plaintiff alleges was breached was made to plaintiff directly, not to the public generally. Plaintiff has failed to establish that defendant's conduct invokes trade practices

addressed to the market generally or otherwise implicates some consumer protection concerns. Accordingly, defendant's motion for summary judgment as to Count VII is granted.

Finally, in Count IX, plaintiff alleges a breach of duty of good faith and fair dealing. Plaintiff admits that "Illinois does not recognize an independent cause of action for the breach of the implied duty of good faith and fair dealing." Accordingly, defendant's motion for summary judgment on Count IX is granted.

## CONCLUSION

For the reasons set forth above, defendant's motion is granted as to Counts V (negligent misrepresentation), VII (CFA) and IX (breach of good faith and fair dealing), and denied in all other respects.

**ENTER:**   **May 14, 2002**

                              **Robert W. Gettleman**
                              **United States District Judge**